IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KUEI-I WU, on behalf of herself and all others similarly situated, | * |
| | * |
| Plaintiffs, | |
| | * |
| v. | Civil Action No.: RDB-07-1170 |
| | * |
| MAMSI LIFE & HEALTH INSURANCE COMPANY, *et al.* | |
| | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This matter arises out of a class action complaint filed by Plaintiff Kuei-I Wu ("Wu") in the Circuit Court for Baltimore County against MAMSI Life and Health Insurance Co., Mid-Atlantic Medical Services LLC, and Mid-Atlantic Medical Services, Inc. (collectively "Defendants"). On April 5, 2007, the Circuit Court certified the class (collectively "Plaintiffs"). On May 3, 2007, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441, asserting subject matter jurisdiction because the claims of certain Plaintiffs were preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq*.

Pending before this Court is Plaintiffs' Motion for Remand and Costs (Paper No. 14), which contends that the Notice of Removal filed by Defendants was untimely under 28 U.S.C. § 1446(b). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D.Md. 2004). For the reasons stated below, Plaintiffs' Motion to Remand is DENIED and Plaintiffs' Motion for Costs is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

On September 24, 2004, Wu initiated this action by filing a class action complaint in the Circuit Court for Baltimore County on behalf of herself and all others similarly situated. The complaint alleged breach of contract, breach of duty of good faith and fair dealing, and civil conspiracy. Specifically, Wu alleged that Defendants, after an insured was involved in a automobile accident, illegally directed its participating providers to exhaust an insured's Personal Injury Protection ("PIP") automobile benefits before the participating provider could submit any injury-related claims to Defendants for payment. In other words, Defendants allegedly rejected every claim filed by participating providers until the provider had first used PIP benefits towards treatment, thereby violating Maryland law. *See* Md. Code Ann, Ins. § 19-507 (requiring generally that benefits be payable regardless of potential collateral sources of payment).

The complaint sought to include a class estimated in excess of 100,000 members, all of whom were insured by Defendants and thus faced potential exposure to the same alleged scheme.
The majority of the potential class members received their health insurance coverage through an employer. Their individual claims, had they chosen to bring them individually, would have been preempted by ERISA. Wu's individual claim, however, was not preempted by ERISA because she was covered under a state governmental plan and because the plan covered students, not employees. Thus, although Wu's complaint sought to certify a class with potential members whose claims were preempted by ERISA, Wu's individual cause of action was not preempted.

From the filing of the class action complaint, Defendants, according to their submission to this Court, "vigorously opposed class certification of any class."[1] Defs.' Resp. at 3. On June 1, 2006, Wu finally filed a motion for class certification. Ten months later on April 5, 2007, that motion was granted by the Circuit Court for Baltimore County. On May 3, 2007, within thirty days of class certification but over thirty months after the filing of the initial complaint, Defendants filed a Notice of Removal. Upon certification, class member plaintiffs with claims preempted by ERISA were thus included for the first time in this action. On May 29, 2007, Plaintiffs, now a certified class including Wu, filed the pending Motion for Remand and Costs. (Paper No. 14.)

## STANDARD OF REVIEW

The party that removes a case to federal court bears the burden of showing that federal jurisdiction has been properly invoked. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)); *see also In re Blackwater Sec. Consulting, LLC,* 460 F.3d 576, 583-84 (4th Cir. 2006). This includes establishing compliance with the requirements of the removal statute. *See Marler v. Amoco Oil Co.*, 793 F. Supp. 656, 658-59 (E.D.N.C. 1992) ("Defendant bears the burden of establishing the right to removal, including compliance with the requirements of [28 U.S.C.] § 1446(b).").

## DISCUSSION

---

[1] Wu sought to certify two different classes. The first was a large "general class" consisting of all members of Defendants' health plans that also own PIP insurance. The second was a smaller subset of the general class, consisting of members in the general class who had been in an automobile accident and whose PIP coverage was partially or entirely exhausted prior to the use of their healthcare benefits. The class that was ultimately certified is the latter, smaller class, although the specifics of these two separate classes play no role in this Court's decision.

3

**I.      Motion to Remand**

The issue presented in Plaintiffs' Motion for Remand is whether Defendants' Notice of Removal to this Court from the Circuit Court for Baltimore County was timely under 28 U.S.C. § 1446(b), which reads in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

If the initial pleading is not removable, the defendant must file a notice of removal within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

Defendants argue that their Notice of Removal was timely because the thirty-day time period under § 1446(b) began to run on April 5, 2007, the date in which the class was certified by the Circuit Court for Baltimore County. Before that date, Defendants claim they could not have removed because this Court did not have federal question jurisdiction over Wu's state law claim. Conversely, Plaintiffs argue that Defendants' Notice of Removal was untimely because the thirty-day time period began to run when Wu filed her class action complaint. Based on the allegations contained in the complaint, Plaintiff argues that Defendants had notice that potential class members' claims would be preempted by ERISA. Plaintiffs argue as follows:

> Defendant admits in its SEC filings that substantially "all" of its healthcare insurance policies are governed by ERISA. *See* Ex. B, MAMSI 10K 2002, at p.20 (stating 97% of its revenues are from sale of various forms of health insurance, mostly to employers). When the plaintiff successfully sought certification of "ALL" beneficiaries of MAMSI health insurance policies, the Defendants had clear notice that [the] putative class'[s] state law claims were covered by ERISA and immediately removable on the basis of

> federal question jurisdiction as dictated by *Singh* [*v. Prudential Health Care Plan Inc*., 335 F.3d 278, 291 (4th Cir. 2003)]. Surprisingly, no such removal was ever sought.

Pl. Mot. Remand, at 9.

Before class certification, the claims of the named plaintiff alone are used to determine federal question jurisdiction. Despite its clear preemptive force, ERISA cannot create federal question jurisdiction by preempting the potential claims of putative class members. Fellow district courts across the country that have addressed this issue have found in accordance with this principle. *See Bowers v. Jefferson Pilot Financial Insurance Co.*, 166 F. Supp. 2d 552, (E.D. Mich. 2001) ("It is . . . undisputed that the claims of the only named Plaintiff in this case are not governed by ERISA and do not present a federal question . . . . In this Court's opinion, Defendant's claim that some putative class member's claims may involve ERISA is insufficient to sustain [their burden to establish subject matter jurisdiction]."); *Atchison v. Woodmen of the World Ins. Soc.*, 982 F. Supp. 835, 841 (S.D. Ala. 1997) ("[J]urisdiction in a class action is properly determined by looking at the claims of the named plaintiffs . . . . [D]efendants turn this fundamental principle upside down by looking first to the unnamed plaintiffs for the possibility of a federal question and then attempting to piggyback the claims asserted by the named plaintiffs."); *Tinman v. Blue Cross & Blue Shield*, No. 00-CV-72327-DT, 2002 U.S. Dist. LEXIS 2505, *3 (E.D. Mich. Jan. 31, 2002) ("Even though Plaintiff argues that Defendant had notice of who the potential members of the class would be based on the Complaint, . . . Plaintiff was the only real plaintiff initially and the case was not removable because Plaintiff did not have an insurance [policy] governed by ERISA. Until a case is certified as a class action, the only claims pending are those of the named plaintiff."); *Berthelot v. Stallworth*, No. 99-3618, 2000 U.S. Dist. LEXIS 1933, at *6 (E.D. La. Feb. 17, 2000) ("The court's ability to entertain the class

action is therefore contingent on its ability to assert jurisdiction over the claims of the named plaintiff(s)."); *Bergeron v. Pan Am Assur. Co.*, No. 97-1637, 1997 U.S. Dist. LEXIS 13709, at *5, 6 (E.D. La. Sept. 3, 1997) ("While members of the putative class may have purchased their polices to fund ERISA employee benefit plans, there has been no certification of a class and thus this court looks only at the claims of the named Plaintiffs in assessing whether this court has jurisdiction . . . . Plaintiffs' state law claims are not subject to ERISA preemption, and the matter must be remanded."); *Jhamb v. California Physicians Service*, No. C-93-2962 MHP, 1996 U.S. Dist. LEXIS 1477, at *13 (N.D. Cal. February 7, 1996) ("[The defendant] makes much of the fact that the putative class will include members asserting ERISA claims.  The fact that future claims of some class members may relate to ERISA does not establish ERISA preemption of [the named plaintiff's] claims.").

In this case, it is undisputed that Wu's individual claim did not implicate ERISA and therefore lacked any basis for federal jurisdiction.  If Wu had brought this case individually, or if the class had never been certified by the Circuit Court for Baltimore County, this Court would never have had jurisdiction to hear the case.  Defendants could not properly remove this case until there was an actual Plaintiff whose claim was preempted by ERISA.[2]  Before certification,

---

[2] This Court finds that Defendants' analogy to *Sullivan v. Conway*, 157 F.3d 1092 (7th Cir. 1998), is accurate.  In *Sullivan*, Judge Posner of the United States Court of Appeals for the Seventh Circuit found that an amended complaint which added a federal issue did not trigger the thirty-day period.  Instead, the thirty-day period did not begin to run until the court actually entered an order granting the motion to amend.  Judge Posner wrote as follows:

> The defendants removed the case within thirty days after the state court judge granted the plaintiff's motion to amend the complaint to add federal claims but more than thirty days after the plaintiff made the motion.  That is too late, according to the plaintiff.  We are confident that he is wrong, although we cannot find any appellate case law directly on point.  *Until the state judge granted the motion to amend, there was no basis for removal.  Until then,*

there were no such Plaintiffs, and Defendants most certainly would not have met their burden to establish subject matter jurisdiction. *See Mulcahey*, 29 F.3d at 151 (stating that if "federal jurisdiction is doubtful, a remand is necessary").

Thus, Wu's initial complaint filed on September 24, 2004 did not trigger the thirty-day time period for Defendants to file a notice of removal to this Court. The thirty-day time period did not begin to run until April 5, 2007 when the Circuit Court for Baltimore County certified the class. At that point, federal jurisdiction existed for the first time because at least one individual claim in the certified class was preempted by ERISA. Defendants' Notice of Removal, filed on May 3, 2007, was therefore timely under 28 U.S.C. § 1446(b).

Plaintiffs' argument does not reach the central jurisdictional issue that underlies the removal statute. Instead, Plaintiffs argue that Defendants' notice of the potential that certain class members' claims were preempted by ERISA was sufficient to trigger the thirty-day window for Defendants to file a Notice of Removal. Plaintiffs rely principally on *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987), where the Supreme Court of the United States

---

> *the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion.* The statutory language . . . speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge. When the motion was granted, the case first became removable, and it was promptly removed.

*Id.* at 1094-95 (emphasis added). In this case, Wu's complaint may well have sought to include federal claims, just as the amended complaint in *Sullivan* sought to include a federal claim. But Wu's desire to include federal claims was not effectuated until the Circuit Court for Baltimore County certified the class, just as the motion to amend was not effectuated until the judge granted it in *Sullivan*.

wrote that "[o]ne corollary of the well-pleaded complaint rule[3] developed in the case law . . . is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  *See also Singh v. Prudential Health Care Plan Inc.*, 335 F.3d 278, 291 (4th Cir. 2003) ("The jurisdictional aspect of ERISA's remedial scheme, which overpowers even the well-pleaded complaint rule, cannot itself be overpowered by clever or fortuitous maneuvers.").  Plaintiffs' reliance on *Metropolitan Life* and *Singh* is misplaced.  Under *Metropolitan Life* and *Singh*, Wu's individual state law claim would have been converted into a federal one if it was preempted by ERISA, which it was not.  *Metropolitan Life* and *Singh* do not, however, create federal jurisdiction based on putative class members' claims.  As discussed above, this Court does not have jurisdiction to decide whether a putative class member's claim is preempted by ERISA under *Metropolitan Life* and *Singh* before the class member is a party to the suit.[4]

## II.     Plaintiffs' Motion for Costs

---

[3] The well-pleaded complaint rule provides that courts "ordinarily . . .  look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Custer v. Sweeney,* 89 F.3d 1156, 1165 (4th Cir. 1996).  Under the well-pleaded complaint rule, a plaintiff may avoid the possibility of federal removal by pleading only facts that give rise to state law claims.  *See Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the . . . law of the United States.").

[4] Plaintiffs also argue that Defendants waived their right to remand the case to federal court because they defended against class certification for thirty-two months in state court.  The policy behind the waiver rule is that a defendant loses the right to remand after substantially litigating issues in state court, especially if the notice of remand comes on the heels of an adverse ruling.  *Manas y Pineiro v. Chase Manhattan Bank, N.A.*, 443 F. Supp. 418, 420 (S.D.N.Y.1978).  In this case, Defendants did not waive their right to remand to this Court.  Defendants "vigorously opposed class certification" in state court, but, for the reasons stated above, they were unable to remove the case to federal court based solely on Wu's claim. It was only when Plaintiffs were successful in certifying the class that Defendants were able to remove, and litigants cannot waive a right that they were never able to exercise.

Plaintiffs also request fees and costs incurred in bringing their Motion to Remand. Under 28 U.S.C. § 1447(c), costs and expenses incurred as a result of litigating against removal, including attorney fees, may be granted in a court's order for remand. Typically, courts will only award fees under section 1447(c) when the removing party lacked objectively reasonable grounds for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because this Court finds that Defendants complied with the requirements of 28 U.S.C. § 1446(b), fees will not be awarded to Plaintiffs. Therefore, Plaintiffs' Motion for Costs is DENIED.

## **CONCLUSION**

For the reasons stated above, Plaintiffs' Motion for Remand and Costs is DENIED. A separate Order follows.

/s/
Richard D. Bennett
United States District Judge

Dated: October 26, 2007